# Exhibit 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT<br>OF LABOR; and EUGENE SCALIA,<br>*in his official capacity as Secretary of*<br>*Labor*,<br><br>                    Defendants. | 20-cv-03020 |

### DECLARATION OF SCOTT PALLADINO

Scott Palladino, declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**I.      Education and Background**

1.      I am the Deputy Commissioner of the New York State Department of Taxation and Finance ("DTF"). I was appointed to this position in February 2018.

2.      As Deputy Commissioner, I oversee the Office of Tax Policy Analysis ("OTPA"), which operates within DTF and is responsible for developing and evaluating tax policy, revenue forecasting and estimation, and related matters.

3.      I previously served as Assistant Deputy Commissioner in the Office of Tax Policy Analysis. I was appointed to that position in January of 2011.

4.      I previously served for nearly ten years as Deputy Fiscal Director for the Committee on Ways and Means of the New York State Assembly, which has jurisdiction over

1

tax legislation in the New York State Legislature, and as a Senior Policy Analyst at the National

Governors Association for nearly three years.

5.      I hold a Bachelor's Degree in Business Administration from Baruch College and a

Master's Degree in Economics from the State University of New York, Albany.

6.      My opinions are based on analyses conducted by myself and others at DTF under

my direction and supervision, my review of analyses conducted by third parties, and the totality

of my professional experience. The following statements are true and accurate to the best of my

knowledge.

**II.      The *Families First Coronavirus Response Act***

7.      I understand that, on March 18, 2020, the *Families First Coronavirus Response

Act* (FFCRA), Public Law 116-127, became federal law. I assume that, under that law, an

employee who takes paid leave pursuant to Division C (the *Emergency Family and Medical

Leave Act*) or Division E (the *Emergency Paid Sick Leave Act*) receives wages for the time the

employee is on paid leave.

8.      The Internal Revenue Service has stated that such wages are treated as income for

tax purposes to the employee.

9.      An IRS's question-and-answer page states: "57. Are qualified sick leave wages

and qualified family leave wages taxable to employees? Yes."[1] The page further notes, "wages

are generally compensation for services subject to income tax under section 61 of the Code and

federal income tax withholding under section 3402 of the Code unless an exception applies. The

FFCRA did not include an exception for qualified leave wages from income."[2]

---

[1] https://www.irs.gov/newsroom/covid-19-related-tax-credits-special-issues-for-employees-and-additional-questions-faqs#employees
[2] *Id.*

10.     A New York State taxpayer's taxable income is calculated based on the taxpayer's federal adjusted gross income. *See* New York Tax Law § 612(a).

11.     Denying an employee paid leave time that otherwise would be required by FFCRA's emergency family leave or emergency sick leave provisions would deny the employee any paid leave wages required to be paid by those provisions.

12.     Assuming the employee remains employed and takes unpaid leave, the denial of paid leave wages to an employee in New York State would reduce the employee's taxable income for New York State tax purposes. In other words, holding all else constant, if an employee is denied a certain amount of emergency family leave wages, the employee's taxable income for New York State tax purposes will decline by that amount.

13.     This analysis does not include the possibility that some employees denied paid leave would seek unemployment compensation or other benefits.

Respectfully submitted,

Date:   May 4, 2020

SCOTT PALLADINO

3